DAVID HAUMONT, APPELLANT, V. CITY OF LINCOLN, NEBRASKA, APPELLEE.
424 N.W.2d 892

Filed June 24, 1988.   No. 86-1096.

Richard Scott for appellant.

William F. Austin, Lincoln City Attorney, and James D. Faimon for appellee.

BOSLAUGH, WHITE, and SHANAHAN, JJ., and SPRAGUE and THOMPSON, D. JJ.

WHITE, J.

This appeal arises out of a tort action filed by appellant, David Haumont, against his employer, the City of Lincoln. The district court for Lancaster County sustained the City of Lincoln's demurrer to the petition, based on a finding that the Nebraska Workers' Compensation Act, Neb. Rev. Stat. §§ 48-101 to 48-1,110 (Reissue 1984 & Cum. Supp. 1986), was Haumont's exclusive remedy. We hold that the district court's order was correct and affirm its decision.

Haumont's petition alleges that on January 15, 1985, while working as a public service officer for the Lincoln Police Department, he injured his lower back by lifting a parking meter coin container weighing 675 pounds. Haumont sued his employer, the City of Lincoln, for negligent design of the coin container.

Initially, we note that appellant's brief fails to set out any assignments of error. In the absence of an assignment of error, the judgment will be affirmed, unless the court notes plain error on the record. *McCombs v. Prenosil*, 226 Neb. 839, 415 N.W.2d 453 (1987).

In our review of the record for plain error, we note that appellant alleges that he was an employee of the City of Lincoln and was injured while carrying out his duties on the job.

This court has previously held that the Workers' Compensation Act provides the exclusive remedy by the employee against the employer for any injury arising out of and in the course of the employment. *P.A.M. v. Quad L. Assocs.*, 221 Neb. 642, 380 N.W.2d 243 (1986); *Johnston v. State*, 219 Neb. 457, 364 N.W.2d 1 (1985).

The district court correctly sustained appellee's demurrer and properly dismissed the cause of action.

AFFIRMED.